## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

BERKANT HAKLI

     **Plaintiff,**

**v.**

**CONVERGENT OUTSOURCING, INC., a**

     **Defendant.**

### COMPLAINT

    COMES NOW, the Plaintiff, BERKANT HAKLI, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, CONVERGENT OUTSOURCING, INC., hereinafter "Defendant", for actual and/or statutory damages for violations under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. (hereinafter the "TCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, and 47 U.S.C. §227, *et seq*.

2. This Court has supplemental jurisdiction over the state law claims according to 28 U.S.C. §1367.

### VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in  Miami-

Dade County, Florida and the Defendant is a Washington corporation whose transacts business in Miami-Dade County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

4.   Plaintiff, Berkant Hakli is an individual residing in the County of Miami-Dade, State of Florida.

5.   Defendant, Convergent Outsourcing, Inc., is a Washington corporation, and has its principal place of business in Renton, Washington.

6.   Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for third parties.

## BACKGROUND FACTS

7.   The Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. (hereinafter "TCPA"), was enacted in 1991 to restrict telephone solicitations and the use of automated telephone equipment which utilize artificial or prerecorded voice messages when contacting consumers.

8.   The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

9.   The Florida Consumer Collection Practices Act, §§ 559.55-559.785, Florida Statutes was originally enacted in 1993 for the purpose of regulating the collection of consumer debts.

10.   Plaintiff is alleged to have incurred a financial obligation which was being collected by the Defendant.

11. Defendant in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff via Plaintiff's cellular telephone with a prerecorded message and to Plaintiff's place of employment.

12. Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

13. A predictive dialer is considered an automatic telephone dialing system (ATDS) pursuant to FCC rulings. See generally, *Griffith v. Conswner Portfolio Serv. Inc.*, No. 10-cv-2697 (N.D. II. Aug. 16, 2011).

14. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or calls which contained a pre-recorded or artificial voice prior to Defendant's placement of the calls.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(l)(A).

16. Defendant willfully or knowingly violated the TCPA.

17. In addition, Defendant contacted the Plaintiff at his place of employment after Plaintiff instructed Defendant that he was not permitted to receive telephone calls at work.


### COUNT I
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227 et seq.

18. Plaintiff re-alleges and incorporates the allegations contained in the Background Facts contained herein.

19. Defendants made unsolicited commercial telephone calls to Plaintiff's cellular telephone

using either an automatic telephone dialing system or which contained a prerecorded message and/or an artificial voice.

20.    The calls were made without the prior express consent of the Plaintiff.

21.    The foregoing acts and omissions of Defendant constitute violations of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).


WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant of $500.00 per call, willful damages of $1,500 per call pursuant to 47 U.S.C. §227(b)(3), injunctive relief against Defendant to cease all communication with the Plaintiff that violates the TCPA, an award of costs of litigation, against Defendant, and other such relief in the discretion of this Court.


## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

22.    Plaintiff re-alleges and incorporates the allegations contained in the Background Facts contained herein.

23.    Defendant's repeated communications with the Plaintiff was at a time or place known or which should be known to be inconvenient to the consumer, and Defendant continually contacted the Plaintiff at the Plaintiff's place of employment after being instructed by the Plaintiff that Plaintiff was not permitted to receive personal calls at work in violation of 15 U.S.C. § 1692c(a)(1) and (3).

24.    The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

25.     As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.


        WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

**COUNT III**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**§§ 559.55-559.785, FLORIDA STATUTES**

26.     Plaintiff re-alleges and incorporates the allegations contained in the Background Facts contained herein.

27.     The FCCPA, codified as § 559.72 provides as follows:

   **Prohibited practices generally.--** In collecting consumer debts, no person shall:

   (1) Simulate in any manner a law enforcement officer or a representative of any governmental agency;

   (2) Use or threaten force or violence;

   (3) Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6);

   (4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained;

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days;

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(11) Communicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments which only attorneys are authorized to prepare;

(12) Orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney;

(13) Advertise or threaten to advertise for sale any debt as a means to enforce payment except under court order or when acting as an assignee for the benefit of a creditor;

(14) Publish or post, threaten to publish or post, or cause to be published or posted before the general public individual names or any list of names of debtors, commonly known as a deadbeat list, for the purpose of enforcing or attempting to enforce collection of consumer debts;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

(16) Mail any communication to a debtor in an envelope or postcard with words typed, written, or printed on the outside of the envelope or postcard calculated to embarrass the debtor. An example of this would be an envelope addressed to "Deadbeat, Jane Doe" or "Deadbeat, John Doe";

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor;

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication; or

(19) Cause charges to be made to any debtor for communications by concealment of the true purpose of the communication, including collect telephone calls and telegram fees.

28.   Defendant willfully violated §559.77(4) when Defendant repeatedly contacted Plaintiff's employer in an effort to collect the subject debt.

29.   Defendant's actions were so frequent and persistent that they could only be construed to be intentional acts.

30.   As a result of this willful violation of §559.77(4), Plaintiff has suffered damages as a result of Defendant causing Plaintiff's mental and emotional pain, anguish, humiliation, and embarrassment of receiving collection calls at work.

31.   As such, Defendant is liable to Plaintiff as promulgated by the Florida State Legislature in §559.77(2) which provides as follows:

> "Upon adverse adjudication, the defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff…The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part…"

WHEREFORE, the Plaintiff demands judgment against the Defendant, CONVERGENT OUTSOURCING, INC. for damages, including, but not limited to, actual damages, statutory damages, punitive damages, interest, costs and reasonable attorney's fees and a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

27.   Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  July 26, 2013

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com

By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842